*372 OPINION.
Marquette :
The sole question here involved is whether petitioner is entitled to include as invested capital any value of its lease of the manufacturing plant and of its option to purchase capital stock and, if so, what those values on December 23,1915, were.
*373 Undoubtedly, a leasehold is property, and its value at the time it is acquired may be included in invested capital; and exhaustion of the leasehold is a proper deduction from gross income. Lynch v. Alworth-Stephens Co., 267 U. S. 364; Kaufmann-Straus Co. v. Lucas, 12 Fed. (2d) 774; Estate of Leon C. Biggs, 2 B. T. A. 668; Hotel De France Co., 1 B. T. A. 28; Grosvenor Atterbury, 1 B. T. A. 169. What, then, was the value of the leasehold in question, on December 23, 1915 ?
The petitioner placed that value at $75,000. This, he admits, was •a purely arbitrary figure, based upon his judgment and expectations for the future. There was, as he says, nothing from the past upon which any calculations could be founded. The Soda Company had produced nothing, in a commercial way; the petitioner had tested the plant for some time and had, perhaps, made some occasional sales of soda products. His efforts, from May to December, 1915, had been devoted largely to putting the plant in better condition, getting railroad connections, raising working capital, and the like.. High hopes were entertained for a successful business, and in the years following those hopes were justified. But in December, 1915, s.o far as the evidence discloses, they were expectations and nothing more. The lease cost the petitioner nothing. We can not find in the record anything tangible, anything in the way of business achievement from the plant upon which we can justify a valuation of $75,000 or any other sum for the leasehold at the time it was acquired. The value of it then, in December, 1915, was purely speculative; and we must, therefore, sustain the respondent’s determination on that point. Hotel De France Co., supra; When Clothing Co., 1 B. T. A. 973.
What has been said as to the value of the leasehold applies with like force and for the same reasons to the value of petitioner’s option on the capital stock of the Soda Company. It is true there was a plant and equipment which had cost about $200,000. It is true that the tests made had been very satisfactory to the petitioner. But it is also true that commercially, the whole project was as yet unproven. Later years demonstrated that the proposition was a money-maker. But in December, 1915, that had not been demonstrated. If the project for soda products had not, in subsequent years, proved financially successful, what would have been the value of the plant ? The record is silent. The equipment might, or might not have been sold as machinery for a good price; it might have brought only junk prices. And the plant was the only asset which at that time gave any value to the stock. The company was bankrupt. We think, therefore, that the options to purchase stock were also purely speculative, as to value, in December, 1915.

Judgment will be entered for the respondent.